1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALICE DANIELSON,                                    2:10-CV-2241 JCM (GWF)

              Plaintiff,

v.

STRATOSPHERE, LLC, et al.,

              Defendants.

**ORDER**

Presently before the court is defendant's motion to dismiss. (Doc. #9). The plaintiff has responded (doc. #10), and the defendant has replied (doc. #11).

The instant action arises from an employment dispute between the plaintiff and defendant Stratosphere, plaintiff's former employer. On December 30, 2009, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act and violations of the Americans with Disabilities Act ("ADA"). (Doc. #9, ex. A). On October 28, 2010, plaintiff obtained a "right to sue letter" from the EEOC and filed the instant complaint *pro se* on December 23, 2010. (Doc. #1).

Thereafter, plaintiff retained counsel (doc. #4) and filed an amended complaint (doc. #6) alleging four claims for relief: (1) violations of Title VII of the Civil Rights Act of 1964 and the and Nevada state law; (2) negligent supervision; (3) intentional infliction of emotional distress; and (4) wrongful termination. The sole remaining defendant, Stratosphere, brings the instant motion to dismiss the complaint.

**James C. Mahan**
**U.S. District Judge**

## I.   <u>Legal Standard</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

## II.   <u>Local Rule 7-2(b)</u>

Plaintiff has only selectively responded to attacks on her claims made in the defendant's motion to dismiss. Pursuant to Local Rule 7-2(b), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

Here, plaintiff has not only failed to respond to defendant's arguments, but has also conceded to the dismissal of the following claims: (1) retaliation claims; (2) state law discrimination claims; (3) intentional infliction of emotional distress; and (4) wrongful termination. Accordingly, considering the factors outlined in *Ghazali* and the plaintiff's statements, the court hereby grants the motion to dismiss as to those four claims and considers the merits of the motion to dismiss only as to the remaining claims.

## III.   <u>Motion to Dismiss Remaining Claims</u>

### (A)   **Violations of Title VII of the Civil Rights Act of 1964**

#### (i)   **Race discrimination**

To allege a prima facie claim of discrimination, a plaintiff must demonstrate that (1) she

belongs to a protected class, (2) she was performing according to the defendant's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with similar qualifications were treated more favorably. *Godwin v. Hunt-Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1988).

Here, plaintiff has alleged that she "has been subjected to regular and frequent acts of race based and disability based discrimination." (Doc. #6 at ¶ 16). This fails to meet the pleading standard of Federal Rule of Civil Procedure 12(b)(6), as plaintiff has not alleged that other employees with similar qualifications were treated more favorably than she. Additionally, the court agrees with the defendant that the facts pled are a mere recital of the claim's elements rather than a supporting factual analysis. Accordingly, the motion to dismiss is granted as to plaintiff's Title VII race discrimination claim.

**(ii)   Hostile Work Environment**

To allege a claim of racial harassment, here characterized as "hostile work environment," under Title VII, plaintiff must allege: (1) she was subjected to verbal or physical conduct based on her gender or race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 1995).

Here, plaintiff has alleged merely that she is "suffering from an overall hostile work environment and harassment caused by actions and conduct of agents of the Defendant." (Doc. #6 at ¶16). This conclusory statement fails to meet the pleading standard under Rule 12(b)(6), as plaintiff has failed to provide any facts to support these allegations. Accordingly, the motion to dismiss is granted as to plaintiff's Title VII hostile work environment claim.

**(B)   ADA disability discrimination**

To state a prima facie claim of ADA disability discrimination, the plaintiff must allege: (1) she is disabled under the ADA, (2) she is able to perform the essential functions of the job with or without reasonable accommodation, and (3) she suffered an adverse employment action because of the disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). Under the ADA,

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    a qualifying disability refers to "a physical or mental impairment that substantially limits one or more

2    of the major life activities of such individual." 42 U.S.C. § 12102(1)(A).

3         Here, plaintiff has alleged that she has "a disability and was qualified for her position, yet

4    Defendant failed and/or refused to provide a reasonable accommodation for her condition and

5    ultimately terminated her employment" (doc. #6 at ¶16). Although plaintiff fails to cite a specific

6    disability in the claim for relief, the introductory paragraphs to the complaint do note that "Plaintiff

7    further suffered mental stress and/or anxiety related to her work which amounted to a disability

8    condition in 2009 related to her qualified employment for the Defendant." (*Id.* at ¶12). However,

9    plaintiff fails to allege how this "disability" substantially limited a major life activity as is required

10   to allege a prima facie ADA discrimination claim. Accordingly, the motion to dismiss is granted as

11   to this claim.

12        **(C)   Negligent Supervision**

13        "In Nevada, a proprietor owes a general duty to use reasonable care to keep the premises in

14   a reasonably safe condition for use. *Moody v. Manny's Auto Repair*, 110 Nev. 320, 331–33, 871 P.2d

15   935, 942–43 (1994). As is the case in hiring an employee, the employer has a duty to use reasonable

16   care in the training, supervision, and retention of his or her employees to make sure that the

17   employees are fit for their positions." *Hall v. SSF, Inc.*, 930 P.2d 94, 99 (Nev. 1996). Thus, to plead

18   a prima facie case of negligent supervision, a plaintiff must allege that the employer breached this

19   duty and that the breach caused plaintiff damages.

20        Plaintiff alleges that the defendant failed to protect her "from harm in the workplace and

21   thereafter willfully, intentionally, deliberately and recklessly terminated her employment, after failing

22   to reasonably accommodate Plaintiff[']s disability and/or subjecting Plaintiff to unlawful

23   discrimination. . . ." (Doc. #6 at ¶ 29). Again, this claim is devoid of any factual content and merely

24   recites the elements of the claim. Accordingly, the motion to dismiss is granted as to plaintiff's claim

25   of negligent supervision.

26   **IV.   <u>Motion to Amend</u>**

27        In the concluding paragraph of plaintiff's response brief, plaintiff requests leave to amend

28

**James C. Mahan**
**U.S. District Judge**

1  the complaint pursuant to Federal Rule of Civil Procedure 15 should the court require further factual

2  analysis. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given

3  when justice so requires." However, the local rules of federal practice in the District of Nevada

4  qualify this rule, and require that a plaintiff submit a proposed, amended complaint along with a

5  motion to amend. LR 15-1(a). Whereas plaintiff has failed to comply with the local rule by providing

6  a proposed, amended complaint, the motion to amend is denied at this time.

7       Accordingly,

8       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to

9  dismiss (doc. #9) is GRANTED;

10       IT IS FURTHER ORDERED that the case is hereby dismissed without prejudice.

11       DATED May 9, 2011.

12

13  _____

        **UNITED STATES DISTRICT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -